UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

UMAR FAROUK ABDULMUTALLAB
JONATHAN LEE RICHES
HAKIMULLAH MEHSUD                                                                PLAINTIFFS

v.                                                            CIVIL ACTION NO. 5:10CV-P93-R

FAISAL SHAHZAD
HUMA ASIF MIAN                                                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Jonathan Lee Riches, a well-known frequent filer of frivolous lawsuits throughout the federal court system,[1] brings this action as a "Preliminary Injunction, Temporary Restraining Order, TRO 28 USC 1331." Riches allegedly brings this suit along with Umar Farouk Abdulmutallab, the Nigerian man charged with attempting to detonate an explosive device hidden in his underwear while on an airplane on Christmas Day 2009,[2] and Hakimullah Mehsud, a Pakistan Taliban leader.[3][4] In the handwritten document, Riches sues Faisal Shahzad, the suspect in the May 1, 2010, Times Square Car Bomb plot,[5] and Huma Asif Mian, Shahzad's wife. In the complaint, Riches raises ridiculous, outrageous, and wholly frivolous allegations against Defendants.

---

[1] Per a search of the U.S. Party/Case Index, Plaintiff Riches has filed or sought to intervene in well over 2100 federal cases throughout the nation. *See* www.pacer.gov. In the Western District of Kentucky, Plaintiff Riches has filed 17 cases and sought to intervene in 5 cases thus far.

[2] *See* http://www.cnn.com/2009/CRIME/12/28/airline.terror.attempt/index.html.

[3] See http://www.cnn.com/2010/WORLD/asiapcf/05/02/pakistan.taliban/index.html.

[4] The undersigned disputes the authenticity of Abdulmutallab's and Mehsud's signatures and does not consider those persons to be parties to this action. The Court warns Plaintiff Riches that forging a signature can result in sanctions. *See* Fed. R. Civ. P. 11.

[5] *See* http://abcnews.go.com/Blotter/faisal-shahzad-pleads-guilty-times-square-car-bomb/story?id=10970094.

In the Sixth Circuit, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

The Court finds that the allegations in the instant complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, and no longer open to discussion, warranting dismissal of the action. The Court will enter a separate Order of dismissal.

The Court advises that by Order entered June 18, 2010, in Civil Action No. 3:10CV-P426-R, this Court concluded that Riches has abused the judicial process, as is evident in the over 2100 federal cases across the nation in which he has filed or sought to intervene. The Court, therefore, warned Riches that his continued efforts in filing frivolous lawsuits in this Court will result in the imposition of sanctions. Because this action was filed prior to the entry of that Order, the Court will not impose sanctions. The Court, nevertheless, reiterates that Riches' continued efforts in filing frivolous lawsuits in this Court will result in the imposition of sanctions.

Finally, the Court advises that Riches neither paid the $350.00 filing fee nor filed an application to proceed without prepayment of fees. However, numerous federal courts throughout the United States have found Riches subject to the provisions of 28 U.S.C. § 1915(g), which prohibits Riches from proceeding *in forma pauperis*. *See, e.g., Riches v. X-Men, Inc.*, No. 5:09CV-MC-112-KSF, 2009 WL 997092 (E.D. Ky. Apr. 14, 2009) (applying § 1915(g)); *Riches v. Dierks*, Nos. 1:08CV2 *et seq.*, 2008 WL 714069 (N.D. W.Va. Mar. 4, 2008) (applying § 1915(g) and advising that "at least seven of Plaintiff's prior suits were dismissed prior to service of process

as frivolous pursuant to 28 U.S.C. § 1915"). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Although in the instant action Riches alleges that he "face[s] imminent danger and bodily harm" from Defendants, his allegations are fanciful and irrational. Section 1915(g) applies to this action.

**IT IS THEREFORE ORDERED that Riches must pay the $350.00 filing fee for this action within 30 days of entry of this Order.** Should Riches fail to timely comply, the Court will direct the institution in which he is incarcerated to deduct the filing fee from his prison trust account.

Date:




cc: Plaintiff Riches, *pro se*
4413.005